Jack B. **NEWCOMB**, Plaintiff-Appellee,

v.

**COMMONWEALTH LIFE INSURANCE COMPANY**, a Kentucky corporation, Defendant-Appellant.

No. 13127.

United States Court of Appeals
Seventh Circuit.

April 28, 1961.

Rehearing Denied May 24, 1961.

---

3. Rule 15c1-4 of the SEC, 17 CFR 240.-15c1-4.

4. Section 12 of Article III of the NASD's Rules of Fair Practice.

Fred P. Bamberger, Henry B. Walker, Evansville, Ind., for defendant-appellant.

Theodore Lockyear, Jr., Lockyear & Lockyear, Thomas Lockyear, Evansville, Ind., for plaintiff-appellee.

Before SCHNACKENBERG and KNOCH, Circuit Judges, and GRUBB, District Judge.

SCHNACKENBERG, Circuit Judge.

Commonwealth Life Insurance Company, a Kentucky corporation, defendant, appeals from a judgment entered against it in the district court for $603.52 and costs, in favor of Jack B. Newcomb, plaintiff, a citizen of Indiana, following a trial without a jury.

The briefs reveal no disagreement about the facts which we now state.

Plaintiff sued to recover renewal commissions on a contract dated May 20, 1958. He had been employed by defendant under a prior contract dated June 15, 1955.

Under date of May 20, 1958, defendant's representative delivered to plaintiff this document:

> "To: Jack B. Newcomb
> "From: B. E. Wilson, Director of Agencies
> "Subject: Credit for Previous Service
>
> "For the purpose of determining your right to commissions after termination as set forth in Section V [1] of your new contract, dated May 20, 1958, this new contract, for such purpose only, shall be deemed to have been in force since June 15, 1955.
>
> "(B. E. Wilson)
> "Director of Branch Office Agencies
>
> "Dated at Louisville, Kentucky this 20th day of May, 1958.

Plaintiff voluntarily terminated the 1958 contract on May 15, 1959, less than three years from the time it was executed. He now asserts that under the terms of the 1958 contract, as amended by the memorandum of the same date, he is entitled to renewal commissions on pre-

---

1. Section V of said contract provided as follows:

"V. Commissions After Termination.

"(a) If this contract is terminated after it has been in force for three years or longer, the Company will pay the Agent first year and renewal commissions on premiums paid in cash thereafter to the Company on all insurance, other than Group Insurance, effected by or through the procurement of the Agent while this contract was in force, at the rates and subject to the conditions set out below:

\* \* \* \* \*

"2. Renewal commissions at the rate of five percent (5%) on the 2nd through 10th year premiums received after such termination, less a collection fee to be retained by the Company of one percent (1%) of the premiums so received, provided, however, the annual total of such renewal commissions less the one percent (1%) collection fee is equal to or exceeds $200.00. If in any year such net total is less than $200.00, no commissions will be payable hereunder and all right to renewal commissions will thereupon terminate \* \* \*."

miums paid to defendant during the year following his termination of employment on all insurance, other than group, which he procured from *June 15, 1955* through *May 15, 1959,* which, as found by the district court, amounted to $603.52.[2]

Defendant, on the other hand, contends that plaintiff's rights to renewal commissions were terminated because said renewal commissions, which were derived only from insurance procured during the life of the 1958 contract, *May 20, 1958* through *May 15, 1959,* amounted to less than $200.[3]

The determinative issue before the district court was the effect of the memorandum on the 1958 contract—whether the contract was amended to apply retroactively to June 15, 1955 for purposes of determining the amount of commissions owing to plaintiff.

The district court, in its findings of fact and conclusions of law, in effect found that the 1958 memorandum established June 15, 1955 as the effective date of the contract for the purpose of establishing plaintiff's eligibility to receive the renewal commissions now in controversy.

1. The defendant asserts that the district court's findings, conclusions and decision are erroneous and not supported by the evidence, and grant to plaintiff a gratuity or gift on business written prior to May 20, 1958.

■ The clear effect of the memorandum was to amend the 1958 contract, making Section V apply *in toto* retroactively to June 15, 1955. Had the parties intended only the three-year provision of subparagraph (a) of Section V to apply retroactively and not the remainder of Section V, the memorandum would have so provided. The memorandum clearly recites that for purposes of determining the rights of plaintiff to commissions "as set forth in Section V" the contract is "deemed to have been in force since June 15, 1955." Nowhere is there expressed an intention to limit the retroactive application of Section V to the three-year eligibility provision of subparagraph (a). We must conclude, therefore, that the district court did not err in finding for the plaintiff.

■ 2. Defendant next contends that the court erred in excluding testimony of witnesses and certain exhibits explaining the purpose, intention and circumstances leading to the execution of the 1958 contract, such being material to the construction of the memorandum. The proffered evidence consisted of two brochures used at a meeting held on April 30, 1958, and statements of defendant's field director and manager made at the same meeting explaining the terms and conditions of the proposed May 20, 1958 contract. Defendant's counsel, in his briefs and before the court below, asserted that the contract and memorandum in question are clear and unambiguous. He further stated before the district court that, "unless the Court is satisfied to make the determination from the four corners of the contract and if the Court can, then, of course, that evidence would not be necessary or admissible." The district court was satisfied to make its determination from the four corners of the contract and disallowed the evidence,

---

2. During the period May 20, 1959 through and including May 19, 1960 (anniversary date of contract), the total sum of $15,-088.04 was paid as renewal premiums on policies procured by the plaintiff from June 15, 1955 to May 15, 1959 which would produce commissions in the amount of $603.52 for the twelve-month period beginning May 20, 1959 and ending May 19, 1960.

3. During the period May 20, 1959 through and including May 19, 1960, the total re-

newal premiums on the policies of insurance procured by the plaintiff from May 20, 1958 to May 15, 1959 amounted to $1,897.01 which would produce renewal commissions in the amount of $75.88 for the twelve-month period beginning May 20, 1958 and ending May 18, 1960. Subparagraph (a) (2) of Section V provides that where the annual net total of renewal commissions is less than $200 no commissions are payable thereunder and all right to renewal commissions terminates.

which defendant now claims is prejudicial error.

We hold that it was not error, therefore, for the district court to reject this offer of evidence.

For the reasons herein expressed the judgment of the district court is affirmed.

Judgment affirmed.